**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WHITE PINE INSURANCE COMPANY, : | |
| Plaintiff, : | CIVIL ACTION No.:   1:20cv152 |
| v. : | |
| GRAFF TRUCKING, LLC, : | |
| GRAFF TRUCKING, INC., : | |
| MICHAEL GRAFF, SR., : | |
| GRAFF TOWING & AUTO REPAIR, LLC, and : | |
| ERIE INSURANCE EXCHANGE, : | |
| Defendants. : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, White Pine Insurance Company, by and through its undersigned counsel, Kennedys CMK, LLP, as and for its Complaint for Declaratory Judgment states as follows:

### JURISDICTION AND VENUE

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 (a) as the defendants reside in the Western District of Pennsylvania and the events at issue took place in the Western District of Pennsylvania.

### THE PARTIES

4.     Plaintiff in this action is White Pine Insurance Company ("White Pine"), which is a wholly-owned subsidiary of Conifer Holdings, Inc.  White Pine is organized under the laws of

the State of Michigan with its principal place of business in Southfield, Michigan.

5.      Upon information and belief, Defendant Graff Trucking, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 269 Route 908, Natrona Heights, PA, 15065.

6.      Upon information and belief, Defendant Michael Graff, Sr., is an adult individual who resides at 269 Route 908, Natrona Heights, PA, 15065.

7.      Upon information and belief, Defendant Graff Trucking, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 269 Route 908, Natrona Heights, PA, 15065.

8.      Upon information and belief, Defendant Graff Towing & Auto Repair, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 269 Route 908, Natrona Heights, PA, 15065.

9.      Graff Trucking, LLC, Michael Graff, Sr., Graff Trucking, Inc. and Graff Towing & Auto Repair, LLC are collectively referred to as the "Graff Defendants."

10.     Upon information and belief, Defendant Erie Insurance Exchange ("Erie") is a reciprocal insurer organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 100 Erie Insurance Place, Erie, PA, 16530.

## NATURE OF THE ACTION

11.     This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.  In this action, White Pine seeks a determination of its rights and obligations under a policy of insurance issued to Michael Graff Trucking, LLC.

12.     White Pine issued a policy bearing number 072036 to "Michael Graff Trucking, LLC" for the policy period from February 3, 2014 through February 3, 2015 ("White Pine

Policy"). A true and correct copy of the White Pine Policy is attached hereto as Exhibit A.

13. The White Pine Policy provides commercial property coverage and commercial general liability coverage.

14. The White Pine Policy is subject to certain terms, conditions, limitations, exclusions and endorsements as set forth in the White Pine Policy.

15. The Graff Defendants have been named as defendants in an action captioned *King v. Graff Trucking, Inc., et al.*, No. GD-16-019178, which was filed in the Pennsylvania Court of Common Pleas for Allegheny County ("Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit B.

16. The Graff Defendants sought defense and indemnity from White Pine in connection with the Underlying Action.

17. White Pine has been providing a defense to the Graff Defendants in connection with the Underlying Action pursuant to a Reservation of Rights letter dated June 3, 2020. A true and correct copy of the Reservation of Rights letter is attached hereto as Exhibit C.

18. Erie issued a garagekeepers policy bearing number Q07-2280149 to "Graff Trucking LLC" for the policy period from July 22, 2014 through July 22, 2015 ("Erie Policy"). A true and correct certified copy of the Erie Policy is attached hereto as Exhibit D.

19. Graff Trucking, Inc. is an additional insured under the Erie Policy.

20. Upon information and belief, the Graff Defendants also sought defense and indemnity from Erie in connection with the Underlying Action.

21. Erie is providing a defense to Graff Trucking, LLC only in connection with the Underlying Action pursuant to a Reservation of Rights letter dated April 3, 2020. A true and correct copy of the Erie Reservation of Rights letter is attached hereto as Exhibit E.

22.     An actual and justiciable controversy exists concerning the rights and obligations of the parties under the White Pine Policy and the Erie Policy at issue with respect to the Underlying Action.

23.     All parties have a claim or interest in the outcome of the declaratory relief sought by this action.

24.     White Pine seeks a determination that it has no obligation to continue to provide a defense to the Graff Defendants in connection with the Underlying Action based upon certain exclusions in, and provisions of, the White Pine Policy.

25.     White Pine also seeks a determination that Erie has an obligation to provide a defense to the Graff Defendants in connection with the Underlying Action pursuant to the Erie Policy.

26.     Further, White Pine seeks a determination that it has no obligation to indemnify the Graff Defendants in connection with the Underlying Action based upon certain exclusions in, and provisions of, the White Pine Policy.

## **STATEMENT OF FACTS**

### A.     **The White Pine Policy**

27.     The White Pine Policy was issued to "Michael Graff Trucking, LLC" at the address 269 Route 908, Natrona Heights, PA, 15065.  Exhibit A.

28.     Upon information and belief, there is no entity named "Michael Graff Trucking, LLC" that is incorporated under the laws of the Commonwealth of Pennsylvania or is otherwise in existence.

29.     Upon information and belief, Graff Trucking, LLC is a limited liability company operating at 269 Route 908, Natrona Heights, PA, 15065.

30.     The "Business Description" identified on the Commercial Lines Policy Common Policy Declarations of the White Pine Policy is "Truck Repair Garage."  Exhibit A, form MCI-190 (6-12).

31.     The "Class Code" identified in the Classification and Premium section of the Commercial General Liability Declaration of the White Pine Policy is "Truckers."  Exhibit A, form MCI-192 (6-12).

32.     The White Pine Policy provides as follows, in pertinent part, with respect to Commercial General Liability Coverage:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.
>
> **SECTION I — COVERAGES**
>
> **COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.     Insuring Agreement**
>
> > **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …
> >
> > **b.**      This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period, ...

Exhibit A, form CG 00 01 04 13, p. 1.

33.    The White Pine Policy contains the following exclusion:

**2.    Exclusions**

This insurance does not apply to:

\*                \*                \*

**e.    Employer's Liability**

"Bodily Injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

Exhibit A, form CG 00 01 04 13, p. 2.

34.    The White Pine Policy provides as follows with regard to who qualifies as an insured under the Policy:

**SECTION II - WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

**a**.     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b**.     A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c**.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d**.     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e**.     A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

\*          \*          \*

**3.**     Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However: …

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Exhibit A, form CG 00 01 04 13, pp. 9-10.

35.    The White Pine Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**5.**     "Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".

**6.**     **"Executive officer"** means a person holding any of the officer

positions created by your charter, constitution, bylaws or any other similar governing document.

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Exhibit A, form CG 00 01 04 13, pp. 13-16.

36.    The White Pine Policy also contains the following exclusion by endorsement:

### INJURY TO INDEPENDENT CONTRACTORS OR SUB-CONTRACTORS AND THEIR "EMPLOYEES", "TEMPORARY WORKERS" OR "LEASED WORKERS"

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    The following exclusion is added to Paragraph **2., Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability:**

**2.    Exclusions**

This insurance does not apply to:

**Bodily Injury to Independent Contractors Or Sub-Contractors And Their "Employees", "Temporary Workers" Or "Leased Workers"**

**a.**    "Bodily Injury" to:

**(1)**    Any "temporary worker" of any insured arising out of and in the course of:

**(a)**    Employment by any insured; or

**(b)**    Performing duties related to the conduct of any insured's business; or

**(c)**    The spouse, child, parent, brother or sister of that "temporary worker" as a consequence of such "bodily injury" described above.

**(2)**    Any independent contractor or sub-contractor performing operations on your behalf;

**(3)** Any "employee", "temporary worker" or "leased worker" of such independent contractor described in **(2)** above while such independent contractor or sub-contractor is performing operations on your behalf.

**(4)** Your acts or omissions in connection with the general supervision of such operations described in **(1), (2)** and/or **(3)** above; or

**(5)** The spouse, child, parent, brother or sister of that "employee" "temporary worker" or "leased worker" as a consequence of **(1), (2)** and/or **(3)** above.

This exclusion applies whether any insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of such "bodily injury". This exclusion also applies to any damages for care and loss of services as a consequence of **(1)** through **(5)** above.

Exhibit A, form MCI-CG-CE 01/10.

37. Further, the White Pine Policy contains the following limitation by endorsement:

### LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| **Premises:** |
| --- |
| 269 ROUTE 908, NATRONA HEIGHTS, PA 15065 |
| **Project:** |
| |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

**1.** The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

9

2.  The project shown in the Schedule.

Exhibit A, form CG 21 44 07 98.

**B.     The Erie Policy**

38.     The Erie Policy was issued to "Graff Trucking, LLC" at the address 269 Route 908, Natrona Heights, PA, 15065.  Exhibit D.

39.     "Graff Trucking, Inc." is named as an additional insured on the Erie Policy.  *See* Exhibit D.

40.     The Erie Garage Policy, pursuant to Policy Change Endorsement – Pennsylvania, form AGPA01 (Ed. 5/13) UF-4032, provides "Liability Protection" coverage as follows in pertinent part:

> **We** will pay all sums **anyone we protect** legally must pay for damages, including vicarious liability for punitive or exemplary damages to the extent allowed by law, caused by an **accident** covered by **your** policy, subject to the Limits of Protection. Damages must involve **personal injury** or **property damage**. The **accident** must arise out of **garage operations**.

Exhibit D.

41.     "Anyone we protect" includes the named insured.  Exhibit D.

42.     The Erie Policy also contains the following relevant definitions:

> Throughout **your** policy and its endorsement forms, the following words have a special meaning in **your** policy when they appear in bold type:
>
> - "**accident**" includes continuous or repeated exposure to the same conditions resulting in **personal injury** or **property damage**.
>
>   *For all **garage operations** other than the ownership, maintenance or use of **autos we insure**, **accident** includes conditions resulting in **personal injury** while protecting persons and property.*
>
>                    *            *            *
>
> - "**auto**" means a land motor vehicle, **trailer**, **camper body** or farm implement.

*          *          *

- "**garage**" means a business that sells, repairs, services, cleans, paints, stores, or parks **autos**; or a business described on the **Declarations**.

- "**garage operations**" means:

  1. the ownership, maintenance or use of a **premises** as a **garage**.

  2. the ownership, maintenance or use of **autos we insure** shown on the **Declarations**.

  3. the making, storing and selling of **your products** and completed operations; and

  4. all other necessary and incidental operations.

Exhibit D.

43.    Per the Policy Change Endorsement – Pennsylvania, form AGPA01 (Ed. 5/13) UF-4032, "personal injury" and "premises" are defined as:

> "**personal injury**" -- *Item 1. is deleted and replaced by the following:*
>
> 1. bodily injury - meaning physical harm, sickness, disease or resultant death to a person from any of these;
>
> *The definition of "**premises**" is deleted and replaced by the following:*
>
> "**premises**" means each location, including that portion of adjoining roads and driveways, where **you** conduct **your** garage operations. It does not include that part of the location occupied by someone else's business.

Exhibit D.

**C.    The Underlying Action**

44.    Upon information and belief, underlying plaintiff Patrick King ("King") filed several Claim Petitions in 2015 with the Commonwealth of Pennsylvania Bureau of Workers' Compensation involving certain of the Graff Defendants, which ultimately resulted in findings of fact and conclusions of law issued by Workers' Compensation Judge Ada Guyton.

45.    On or about October 11, 2016, King initiated the Underlying Action by filing of a Writ in Allegheny County Court of Common Pleas.

46.     A Complaint was filed in the Underlying Action on or about March 10, 2020.  *See* Exhibit B.

47.     Each of the Graff Defendants is named as a defendant in the Underlying Action. *See* Exhibit B.

48.     The Complaint alleges "each and all of the Defendants acted through their agents, servants and employees, on and about their business under their direct control and supervision and within the scope of their employment."  Exhibit B, ¶ 5.

49.     The Complaint alleges that Graff Trucking, LLC, or in the alternative Graff Towing & Auto Repair, LLC, or in the alternative Graff Trucking, Inc., "operated an auto repair, towing, and scrap business located at 269 Route 908, Natrona Heights, Allegheny County, Pennsylvania 15065."  Exhibit B, ¶ 6.

50.     The Complaint also alleges in the alternative that the defendants were engaged in a joint venture.  Exhibit B, ¶ 6.

51.     The Complaint alleges that Graff Trucking, LLC, Graff Towing & Auto Repair, LLC and/or Graff Trucking, Inc. alternatively were acting as the agent, servant or employee of each other, under their direct control and supervision and within the scope of its employment, or were, in the alternative, engaged in a joint venture.  Exhibit B, ¶ 7.

52.     The Complaint alleges that King "was employed by Michael Graff, an individual, involved in the disassembling of motor vehicles."  Exhibit B, ¶ 8.

53.     King alleges that on or about November 4, 2014, he was "performing his duties in disassembling motor vehicles using materials, tools and locations provided to him by the Defendants, as aforesaid, including a 55-gallon drum which had previously been used to store or transport hazardous material, specifically, motor oil," when he was caused to be seriously injured

in an explosion allegedly caused when a propane-oxygen cutting torch came in proximity of the

55-gallon drum.  Exhibit B, ¶¶ 9-10.

54.     The Complaint further alleges:

11.     The injuries and damages sustained by the Plaintiff were caused by the negligence of the Defendants, generally, jointly and severally, and more particularly as follows:

a.  In providing to the Plaintiff an unsafe place to work consisting of cutting materials and tools in proximity to a 55-gallon drum used to store hazardous material, specifically, motor oil;

b.  In failing to properly class, describe, package, mark, label and/or otherwise alert and notify the Plaintiff as to the ultra hazardous nature of the materials with which he was working near and/or supplied;

c.  In importing into and placing in the workplace 55-gallon drums that the Defendants knew or in the exercise of reasonable care should have known were hazardous and dangerous when placed in the proximity of burning operations and tools, specifically a propane-oxygen cutting torch, which the Defendants knew or had reason to know were in such proximity;

d.  In failing to warn the Plaintiff that the 55-gallon drum containing motor oil was not empty and had not been properly cleaned, sanitized or made safe for use around combustibles including a propane-oxygen cutting torch;

e.  In introducing a 55-gallon drum containing motor oil which the Defendants knew or should have known was hazardous and likely to cause an explosion if in the proximity to operations involving propane-oxygen cutting torches;

f.  In failing to properly label the 55-gallon drum as containing combustible materials such as motor oil which had ignitability and had a flash point less than 60 degrees centigrade;

g.  In failing to remove or cause to be removed, motor oil and/or motor oil residue from the 55-gallon drum which had which was combustible, had ignitability and had a flash point of less than 60 degrees centigrade;

h.  In informing the Plaintiff that the 55-gallon drum was safe for the use to which he was going to use it;

i.  In supplying a 55-gallon drum as aforesaid, without ascertaining that the Plaintiff knew of its unsafe and hazardous condition, combustibility and ignitability as aforesaid;

j.  In failing to properly clean the aforementioned 55-gallon drum to assure its safety for the use to which it was to be used;

k.  In failing to inspect the 55-gallon drum;

l.   In failing to find residue within the 55-gallon drum;

m.   In violating rules and regulations of the Occupational Safety and Health Administration (OSHA) of the US Department of Labor, to-wit, in failing to remove all fire hazards to a safe place when the object to be welded or cut, to-wit, a vehicle, could not be moved, and all combustible materials were not moved to a place of safety; and

n.   In allowing a propane-oxygen cutting torch to be used in the proximity of a 55-gallon drum filled with motor oil in violation of OSHA regulations.

Exhibit B, ¶ 11.

55.    The Complaint alleges King suffered a number of injuries as a result of the explosion, and seeks judgment in an amount in excess of the arbitration limits of the court. Exhibit B, ¶¶ 12-13.

## REQUEST FOR DECLARATORY RELIEF

### COUNT I
**v. Michael Graff, Sr., Graff Trucking, Inc.,**
**Graff Towing & Auto Repair, LLC**
**(Who Is An Insured)**

56.    White Pine incorporates herein by reference the allegations set forth in paragraphs 1 through 55, inclusive, as if the same were fully set forth at length.

57.    The White Pine Policy was issued to "Michael Graff Trucking, LLC."  Exhibit A, form MCI-190 (6-12).

58.    The "Form of Business" identified in the "Description of Business" section of the Commercial General Liability Declaration of the White Pine Policy is "Other."  Exhibit A, form MCI-192 (6-12).

59.    The White Pine Policy provides as follows, in pertinent part, with regard to who qualifies as an insured under the White Pine Policy:

**SECTION II - WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

14

\*            \*            \*

**d**.        An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*            \*            \*

**3**.        Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However: …

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Exhibit A, form CG 00 01 04 13, pp. 9-10.

60.    The White Pine Policy defines "executive officers" as "a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document."  Exhibit A, form CG 00 01 04 13, p. 13.

61.    The Complaint alleges that Graff Trucking, LLC, Graff Towing & Auto Repair, LLC and/or Graff Trucking, Inc. alternatively were acting as the agent, servant or employee of each other, under their direct control and supervision and within the scope of its employment, or were, in the alternative, engaged in a joint venture.  Exhibit B, ¶ 7.

62.    The Underlying Action does not allege Michael Graff, Sr. was acting in a capacity of an executive officer or director of Graff Trucking, LLC, or as a stockholder of Graff Trucking, LLC, at the time of or in connection with King's accident.  *See* Exhibit B.

63.    The Underlying Action does not allege Michael Graff, Sr. was an employee of Graff Trucking, LLC.  *See* Exhibit B.

64.    Michael Graff, Sr. does not qualify as an insured under the White Pine Policy in

connection with the Underlying Action.

65.    Neither Graff Trucking, Inc. nor Graff Towing & Auto Repair, LLC can be an officer, director or stockholder of Graff Trucking, LLC.

66.    Neither Graff Trucking, Inc. nor Graff Towing & Auto Repair, LLC can be an employee of Graff Trucking, LLC under the White Pine Policy.

67.    Graff Trucking, Inc. and Graff Towing & Auto Repair, LLC do not qualify as an insured with respect to a joint venture unless they are shown as a Named Insured on the Declarations, which they are not.

68.    Graff Trucking, Inc. does not qualify as an insured under the White Pine Policy in connection with the Underlying Action.

69.    Graff Towing & Auto Repair, LLC does not qualify as an insured under the White Pine Policy in connection with the Underlying Action.

70.    As a result, White Pine has no duty to defend Michael Graff, Sr., Graff Trucking, Inc. and/or Graff Towing & Auto Repair, LLC in connection with the Underlying Action.

71.    Moreover, because White Pine has no duty to defend Michael Graff, Sr., Graff Trucking, Inc. and/or Graff Towing & Auto Repair, LLC in connection with the Underlying Action, White Pine has no duty to indemnify Michael Graff, Sr., Graff Trucking, Inc. and/or Graff Towing & Auto Repair, LLC in connection with the Underlying Action.

WHEREFORE, White Pine seeks a declaration that Michael Graff, Sr., Graff Trucking, Inc. and/or Graff Towing & Auto Repair, LLC do not qualify as insureds under the White Pine Policy; that White Pine has no duty to defend and/or indemnify Michael Graff, Sr., Graff Trucking, Inc. and/or Graff Towing & Auto Repair, LLC in connection with the Underlying Action; and such other further relief as this Court deems just and proper in this action.

## COUNT II
### v. Graff Trucking, LLC
### (Employer's Liability Exclusion)

72.     White Pine incorporates herein by reference the allegations set forth in paragraphs 1 through 71, inclusive, as if the same were fully set forth at length.

73.     The White Pine Policy contains the following exclusion related to employer's liability:

**2.      Exclusions**

This insurance does not apply to:

               \*         \*         \*

**e.      Employer's Liability**

"Bodily Injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

     **(a)** Employment by the insured; or

     **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

Exhibit A, form CG 00 01 04 13, p. 2.

74.     The White Pine Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Exhibit A, form CG 00 01 04 13, pp. 13-16.

75. Upon information and belief, King was an employee, as that term is used in the White Pine Policy, of Graff Trucking, LLC at the time of his injury.

76. The White Pine Policy excludes coverage for bodily injury suffered by an employee of the insured. *See* Exhibit A.

77. The Employer's Liability Exclusion applies regardless of whether the insured is liable as an employer. *See* Exhibit A.

78. As a result, the claims set forth in the Underlying Action fall within the Employer's Liability Exclusion of the White Pine Policy, and White Pine has no duty to continue to defend Graff Trucking, LLC in connection with the claims asserted in the Underlying Action.

79. Moreover, because White Pine has no duty to continue to defend Graff Trucking, LLC for the claims asserted in the Underlying Action, White Pine has no duty to indemnify Graff Trucking, LLC in connection with the Underlying Action.

WHEREFORE, White Pine seeks a declaration that it has no duty under the White Pine Policy to continue to defend and/or indemnify Graff Trucking, LLC in connection with the Underlying Action, in addition to such other further relief as this Court deems just and proper in this action.

## COUNT III
### v. Graff Trucking, LLC
### (Injury to Independent Contractors Exclusion)

80.    White Pine incorporates herein by reference the allegations set forth in paragraphs 1 through 79, inclusive, as if the same were fully set forth at length.

81.    The White Pine Policy contains the following exclusion by endorsement with respect to bodily injury to independent contractors, sub-contractors or "temporary workers" ("Independent Contractors Exclusion"):

**INJURY TO INDEPENDENT CONTRACTORS OR
SUB-CONTRACTORS AND THEIR "EMPLOYEES",
"TEMPORARY WORKERS" OR "LEASED WORKERS"**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.    The following exclusion is added to Paragraph **2., Exclusions** of **Section I — Coverage A — Bodily Injury And Property Damage Liability:**

**2.    Exclusions**

This insurance does not apply to:

**Bodily Injury to Independent Contractors Or Sub-Contractors And Their "Employees", "Temporary Workers" Or "Leased Workers"**

**a.**    "Bodily Injury" to:

   **(1)**    Any "temporary worker" of any insured arising out of and in the course of:

   **(a)**    Employment by any insured; or

   **(b)**    Performing duties related to the conduct of any insured's business; or

   **(c)**    The spouse, child, parent, brother or sister of that "temporary worker" as a consequence of such "bodily injury" described above.

   **(2)**    Any independent contractor or sub-contractor performing operations on your behalf;

   **(3)**    Any "employee", "temporary worker" or "leased worker" of such independent contractor described

in **(2)** above while such independent contractor or sub-contractor is performing operations on your behalf.

**(4)**    Your acts or omissions in connection with the general supervision of such operations described in **(1), (2)** and/or **(3)** above; or

**(5)**    The spouse, child, parent, brother or sister of that "employee" "temporary worker" or "leased worker" as a consequence of **(1), (2)** and/or **(3)** above.

This exclusion applies whether any insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of such "bodily injury". This exclusion also applies to any damages for care and loss of services as a consequence of **(1)** through **(5)** above.

Exhibit A, form MCI-CG-CE 01/10.

**SECTION V – DEFINITIONS**

**19.**    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

Exhibit A, form CG 00 01 04 13, p. 16.

82.    Upon information and belief, King was an independent contractor, sub-contractor, or "temporary worker", as those terms are used in the White Pine Policy, of Graff Trucking, LLC at the time of his injury.

83.    The White Pine Policy excludes coverage for bodily injury suffered by a "temporary worker" of any insured.  *See* Exhibit A.

84.    The White Pine Policy excludes coverage for bodily injury suffered by an independent contractor or sub-contractor performing operations on behalf of the insured.  *See* Exhibit A.

85.    The Independent Contractors Exclusion applies regardless of whether the insured

is liable as an employer.  *See* Exhibit A.

86.    As a result, the claims set forth in the Underlying Action fall within the Independent Contractors Exclusion of the White Pine Policy, and White Pine has no duty to continue to defend Graff Trucking, LLC in connection with the claims asserted in the Underlying Action.

87.    Moreover, because White Pine has no duty to continue to defend Graff Trucking, LLC for the claims asserted in the Underlying Action, White Pine has no duty to indemnify Graff Trucking, LLC in connection with the Underlying Action.

WHEREFORE, White Pine seeks a declaration that it has no duty under the White Pine Policy to continue to defend and/or indemnify Graff Trucking, LLC in connection with the Underlying Action, in addition to such other further relief as this Court deems just and proper in this action.

## COUNT IV
### v. Graff Trucking, LLC
### (Limitation of Coverage to Designated Premises or Project)

88.    White Pine incorporates herein by reference the allegations set forth in paragraphs 1 through 87, inclusive, as if the same were fully set forth at length.

89.    The White Pine Policy contains the following limitation by endorsement:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Premises: |
|---|
| 269 ROUTE 908, NATRONA HEIGHTS, PA 15065 |
| **Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

Exhibit A, form CG 21 44 07 98.

90.    The designated premises per this endorsement is 269 Route 908, Natrona Heights, PA, 15065. *Id.*

91.    The White Pine Policy was issued to the insured at the address of 269 Route 908, Natrona Heights, PA, 15065. *See* Exhibit A.

92.    The "Business Description" identified on the Commercial Lines Policy Common Policy Declarations of the White Pine Policy is "Truck Repair Garage." Exhibit A, form MCI-190 (6-12).

93.    The "Class Code" identified in the Classification and Premium section of the Commercial General Liability Declaration of the White Pine Policy is "Truckers." Exhibit A, form MCI-192 (6-12).

94.    King alleges in the Underlying Action that he was disassembling motor vehicles at the time of his injury. Exhibit B, ¶ 9.

95.    Per the Limitation of Coverage to Designated Premises or Project Endorsement, the White Pine Policy applies only to "bodily injury" that arises out of "the ownership, maintenance or use of the premises shown in the Schedule ***and*** operations necessary or incidental to those premises." *See* Exhibit A, form CG 21 44 07 98 (emphasis added).

96.    The premises insured are described in the White Pine Policy as a truck repair

garage and the classification of Graff Trucking, LLC is "truckers."

97.     Disassembling motor vehicles is not an operation necessary or incidental to the use of the designated premises as a truck repair garage or for trucking.

98.     Therefore, disassembling motor vehicles is not an operation necessary or incidental to the insured premises.

99.     As a result, the claims set forth in the Underlying Action fall outside the coverage of the White Pine Policy as set forth in the Limitation of Coverage to Designated Premises or Project Endorsement, and White Pine has no duty to continue to defend Graff Trucking, LLC in connection with the claims asserted in the Underlying Action.

100.    Moreover, because White Pine has no duty to continue to defend Graff Trucking, LLC for the claims asserted in the Underlying Action, White Pine has no duty to indemnify Graff Trucking, LLC in connection with the Underlying Action.

WHEREFORE, White Pine seeks judgment that it has no duty under the White Pine Policy to continue to defend and/or indemnify Graff Trucking, LLC in connection with the Underlying Action, in addition to such other further relief as this Court deems just and proper in this action.

<u>**COUNT V**</u>
**v. Graff Trucking, LLC**
**(Rescission)**

101.    White Pine incorporates herein by reference the allegations set forth in paragraphs 1 through 100, inclusive, as if the same were fully set forth at length.

102.    Upon information and belief, in applying for the White Pine Policy and during subsequent renewals of the White Pine Policy, Graff Trucking, LLC and/or its agent made false representations to White Pine with regard to the activities being conducted on the premises to be

insured.

103.    Upon information and belief, Graff Trucking, LLC and/or its agent knew the representations it was making to White Pine were false.

104.    The representations made by Graff Trucking, LLC and/or its agent to White Pine concerning the activities being conducted on the premises to be insured were material to the risk being insured.

105.    White Pine justifiably relied on the information Graff Trucking, LLC and/or its agent provided in the application for the White Pine Policy, in addition to information provided for subsequent renewals of the White Pine Policy, in determining that it would issue and/or renew the White Pine Policy, in assessing Graff Trucking, LLC's liability exposure, and in determining the premiums to be charged for the White Pine Policy.

106.    White Pine further justifiably relied on the absence of the information that was withheld by Graff Trucking, LLC and/or its agent provided in the application for the White Pine Policy, in addition to information withheld during subsequent renewals of the White Pine Policy, in determining that it would issue and/or renew the White Pine Policy, in assessing Graff Trucking, LLC's liability exposure, and in determining the premiums to be charged for the White Pine Policy.

107.    As a result of White Pine's justifiable reliance on Graff Trucking, LLC's misrepresentations and/or omissions of material fact, White Pine has been injured, including but not limited to the fact it has been forced to incur investigation and defense costs in connection with the Underlying Action.

108.    Therefore, White Pine is entitled to rescind the White Pine Policy, and further is entitled to reimbursement from Graff Trucking, LLC of the costs and fees White Pine has

expended in the investigation and defense of the Underlying Action.

WHEREFORE, White Pine seeks a declaration that it is permitted to rescind the White Pine Policy, in addition to such other further relief as this Court deems just and proper in this action.

## COUNT VI
### v. Erie Insurance Exchange
### (Duty to Defend and Indemnify)

109.    White Pine incorporates herein by reference the allegations set forth in paragraphs 1 through 108, inclusive, as if the same were fully set forth at length.

110.    The named insured on the Erie Policy is Graff Trucking, LLC.  Exhibit D.

111.    Graff Trucking, Inc. is named as an additional insured on the Erie Policy.  *See* Exhibit D.

112.    The Erie Garage Policy, pursuant to Policy Change Endorsement – Pennsylvania, form AGPA01 (Ed. 5/13) UF-4032, provides "Liability Protection" coverage as follows in pertinent part:

> **We** will pay all sums **anyone we protect** legally must pay for damages, including vicarious liability for punitive or exemplary damages to the extent allowed by law, caused by an **accident** covered by **your** policy, subject to the Limits of Protection. Damages must involve **personal injury** or **property damage**. The **accident** must arise out of **garage operations**.

> Exhibit D.

113.    The Erie Policy defines "garage" and "garage operations" as follows:

> Throughout **your** policy and its endorsement forms, the following words have a special meaning in **your** policy when they appear in bold type:

> *            *            *

> • "**garage**" means a business that sells, repairs, services, cleans, paints, stores, or parks **autos**; or a business described on the **Declarations**.

- "**garage operations**" means:

    1.  the ownership, maintenance or use of a **premises** as a **garage**.

    2.  the ownership, maintenance or use of **autos we insure** shown on the **Declarations**.

    3.  the making, storing and selling of **your products** and completed operations; and

    4.  all other necessary and incidental operations.

Exhibit D.

114.    King alleges in the Underlying Action that he was disassembling motor vehicles at the time of his injury.  Exhibit B, ¶ 9.

115.    The Erie Policy provides coverage for "garage operations," which includes operations related to various activities concerning motor vehicles.  *See* Exhibit D.

116.    The Erie Policy also provides coverage to "all other necessary and incidental operations" without limitation.  *See* Exhibit D.

117.    The Erie Policy, in contrast to the White Pine Policy, was written to provide coverage to Graff Trucking, LLC and Graff Trucking, Inc. for activities related to motor vehicles.

118.    Both Graff Trucking, LLC and Graff Trucking, Inc. are insureds under the Erie Policy.

119.    As a result, the claims set forth in the Underlying Action fall within the coverage provided under the Erie Policy.

120.    Erie has a duty to defend both Graff Trucking, LLC and Graff Trucking, Inc. in connection with the claims asserted in the Underlying Action.

121.    Moreover, Erie has a duty to indemnify Graff Trucking, LLC and Graff Trucking, Inc. in connection with the Underlying Action.

WHEREFORE, White Pine seeks a declaration that Erie has a duty to defend and a duty to indemnify Graff Trucking, LLC and Graff Trucking, Inc. in connection with the Underlying Action, in addition to such other further relief as this Court deems just and proper in this action.

**KENNEDYS CMK LLP**

By: *s/ Elizabeth A. Sutton*
Elizabeth A. Sutton (PA 205904)
1600 Market Street
Suite 1410
Philadelphia, PA 19103
Phone: (267) 479-6700
Fax: (215) 665-8475

Attorneys for Plaintiff
White Pine Insurance Company

Dated:  June 10, 2020